(No. 89-CC-1769–

JAY STEINBERG, Trustee of the Estate of Klingberg Schools, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed January 5, 1989.*

TORSHEN, SCHOENFIELD & SPREYER, LTD. (MARK SCHOENFIELD, of counsel), for Claimant.

DELIHAH BRUMMET, of the Department of Mental Health and Developmental Disabilities, for Respondent.

MONTANA, C.J.

This claim is before the Court on the parties' joint stipulation. The stipulation reads in relevant part as follows:

"1. On March 14, 1986 the United States Bankruptcy Court for the Northern District of Illinois Eastern Division entered a judgment of $530,680.53 against Illinois Department of Mental Health and Development Disabilities, (hereafter DMH/DD) in favor of the Trustee. The Court found that DMH/DD had violated sections of the Bankruptcy code in withholding contractual sums due and owing to the Klingberg Schools.

2. DMH/DD pursued an appeal to the United States District Court of Illinois. Judge Aspen of the District Court in an Order dated November 25, 1986 affirmed the ruling of the bankruptcy Court. (A copy of the Order was attached to the complaint.)

3. DMH/DD thereafter filed an appeal to the Seventh Circuit Court of Appeals. On January 13, 1988 the Seventh Circuit affirmed the ruling of the District Court. (A copy of the Order was attached to the complaint.)

4. The time for any further appeals has expired.

5. All contractual funds in question predate the year 1981 and have long since lapsed.

6. The Trustee has agreed to pursue collection of his entered judgment via the Court of Claims for a period of time to and including June 30, 1989. If the Court of Claims has not approved this stipulation and the legislature has not appropriated the funds by said date, the Trustee reserves the right to pursue other avenues of collection.

7. The Bankruptcy Court on September 16, 1988 entered an order affirming that post-judgment interest would run on the judgment of $530,680.53 from the date of entry of the judgment March 14, 1986 until payment.

8. The amount of post-judgment interest through December 31, 1988 will be $111,837.55 and an additional $117.33 will accrue each day thereafter.

9. The parties enter this stipulation for the Court of Claims to approve the awarding of the principle [sic] judgment in the sum of $530,689.53 plus interest of $111,837.55 to the Trustee and seek such appropriation from the legislature. In the event that the above amount is not payed [sic] to the Trustee by December 31, 1988 an additional $117.33 per day should be added to the above stipulated interest amount.

10. The parties have agreed that this claim should be filed in the Court of Claims for the limited purpose of having the judgment and interest paid through inclusion of this obligation in an appropriation by the State of Illinois.

11. The parties further agree that the jurisdiction of the Court of Claims shall be limited to achieving payment of the judgment and interest and not the merits of the claim or any other issue, and that the Trustee shall have the right to withdraw this matter from the Court of Claims and pursue collection of the judgment and post-judgment interest by other means which the Trustee believes are available to the Estate after June 30, 1989."

We have reviewed the record. The joint stipulation is corroborated by the record. There is nothing more for us to consider. In claims such as the one at bar, the Court of Claims is but a vehicle for payment.

Accordingly, it is hereby ordered that the Claimant be, and hereby is, awarded the sum of $530,680.53 plus interest in the amount of $111,837.55 accruing through December 31, 1988, and interest in the amount of $117.33 each day thereafter until the Office of the Clerk of the Court of Claims vouchers payment of the award.